# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed May 26, 1899.

MAYOR AND CITY COUNCIL OF BALTIMORE

VS.

JAMES F. McSHANE AND FRANK A. FURST.

*John E. Semmes* and *Albert C. Ritchie* for plaintiff.

*Edgar H. Gans, D. Meredith Reese* and *Geo. R. Willis* for defendants.

HARLAN, J.—

This suit is instituted by the Mayor and City Council of Baltimore City against Jas. F. McShane, late Health Commissioner, and the sureties upon his bond as Health Commissioner, to recover certain sums which came into his hands under the following circumstances:

During the period of the administration of Mayor Hodges, Dr. Stewart then occupying the position of Health Commissioner, a practice was commenced by which the relatives of insane persons who were unable to pay the entire cost of supporting the patient at Mt. Hope or other institutions for the insane, and who were unwilling that their relatives should be sent to Bay View, entered into agreements by which they would contribute to the support of the patient the difference between the cost of maintaining a patient at Bay View and the amount charged by the different institutions for City patients.

The cost of maintaining a patient at Bayview was estimated at $90 per annum. The charge to the city for patients sent to Mt. Hope, Spring Grove or other institutions is $150. Under these agreements the difference, $60 per annum, was paid by the family of the insane person to Dr. Stewart, and by him paid to the City Comptroller, the entire cost, $150, being charged to and paid by the city to the different institutions.

This practice was not in pursuance of any ordinance or statute, but seems to have been adopted for the convenience of all parties concerned, and was generally acquiesced in.

The ordinance requiring and governing the bond of the Commissioner of Health is as follows (City Code, Art. 1, 549):

"The several officers, except in such cases as provided for in the two succeeding sections, shall give bond, with security, to the Mayor and City Council of Baltimore for the faithful performance of their respective du-

ties, in such penal sums as the Mayor may direct, except when particular sums are specified by ordinance."

The bond actually given contains in its condition the following words:

"That if the said James F. McShane, having been appointed in the month of February, in the year of 1894, by the said Mayor and City Council of Baltimore, to be Commissioner of Health and Registrar for the city of Baltimore, shall well and faithfully execute the duties of his said office in all things pertaining thereto (and should well and truly account for and pay over all monies belonging to the said Mayor and City Council, which might in any manner come into his hands while holding the said office), or which might be received by him by virtue of his said office, as directed by the laws of the State of Maryland and the ordinances of the Mayor and City Council of Baltimore, then the said obligation to be void."

A comparison of the terms of the bond with the requirements of the ordinance regulating the bond discloses the fact that the bond follows the ordinance as to the faithful execution of the duties of the office by McShane, but that it goes beyond and exceeds the terms of the ordinance in the particular bracketed above, which requires McShane to account for and pay over all monies belonging to the Mayor and City Council, which may come into his hands *in any way.*

It is conceded, for the purpose of this argument, that the monies sued for are monies which did not come into McShane's hands by virtue of his office, and that the receipt, handling and accounting for said monies did not in any way pertain to or belong to the duties of his office. The simple question presented by the demurrer is, therefore, as to whether the part of the bond bracketed, upon which alone the suit would be possible, can be recovered upon.

The uniform current of authorities is that where a statute prescribes the condition of an official bond, that condition must be followed; that the officer taking the bond has no authority to superadd to these conditions and thus substitute his discretion for that of the law making power as to duties and obligations of the bonding officer; and that when such an attempt is made the bond will be upheld in so far as it conforms with the statute, and the additional stipulations will be rejected as surplusage whenever they are so severable that this can be done.

In this case, the bond follows the ordinance in providing in the conditions that Dr. McShane "shall well and faithfully perform the duties of his office;" the additional stipulations were not required by the ordinance, and were put in without authority, and are severable from those required by the ordinance, and will be treated as surplusage and void as against the sureties; the bond being in other respects a perfectly valid bond to the full extent of the requirements of the ordinance.

Armstrong vs. U. S. 1 Peters C. C. Rep. 46.

U. S. vs. Jones, 77 Fed. Rep. 717.

Dickson vs. U. S. 1 Brockenbrough 177.

U. S. vs. Howell, 4 Wash. C. C. 623.

Hodson vs. U. S. 10 Wall. 395.

The attempt to uphold the added stipulation in the bond upon the theory that it was a voluntary bond cannot be sustained. The bond in question was clearly intended to be the official statutory bond required by law, and is good as such, the surplusage not affecting its validity to that extent. Voluntary bonds are those which do not follow the statutory form, but which are given by public officers, and are the means by which the officer is inducted into his office; and upon the principle of estoppel the obligors are not permitted to thus enable the principal to obtain the office and then deny their liability. Such bonds would be altogether void but for the operation of the doctrine of estoppel, but on that ground are held good for the purpose of covering the official acts of the officer who obtained the office by virtue of the bond.

Archer vs. State, 74 Md. 452.

The doctrine of voluntary bonds has no application to a case like the present, where the bond is executed in compliance with and in conformity to a statute, the only objection being to certain unauthorized added stipulations, which can be rejected as surplusage, leaving the bond in all other respects as it is required by the law it shall be.

The demurrer to the defendants' plea will therefore be overruled.